# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| RICHARD HOOD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 8:16CV247 |
| RANDALL ROSS, | ) | ORDER |
| Defendant. | ) | |

This matter is before the court *sua sponte* after review of the plaintiff's complaint ([Filing No. 1](#)).

The plaintiff, Richard Hood ("Hood") filed this action on June 6, 2016, in the United States District Court for the District of Nebraska. Hood alleges he owns and lives on 132 acres of irrigated crop ground. The complaint states that on May 8, 2013, Hood entered into a contract ("Cash Farm Lease") with the defendant to farm 132 acres of corn on the property. ([Filing No. 1 at pp. 1](#), 13). The defendant was to pay $12,000 "upfront," but failed to do so. Hood alleges the defendant "voided" the contract by failing to pay and became a "trespass[er] on the Plaintiff[']s property. ([Filing No. 1 at p. 1](#)). Hood alleges the "lease was not acknowledged or recorded" so under a Nebraska statute, Hood was not required to give notice of termination of the lease. ([Filing No. 1 at p. 2](#)).

Hood alleges that on July 23, 2013, hail destroyed the defendant's entire crop of 5,280 bushels. Hood alleges the defendant paid Hood $4.17 per bushel instead of the market price of $5.65 per bushel, and owes Hood the difference of $7,814.40. ([Filing No. 1 at pp. 1-2](#)). Hood also alleges that, although the contract was for corn only, the defendant "drilled in cane," and harvested the cane for forage and "hauled the baled cane off of the leased ground." ([Filing No. 1 at p. 2](#)). Hood alleges he was entitled to the forage from the corn crop and the defendant denied Hood use of cornstalk forage by planting cane forage.

Hood's complaint contains further grievances against the defendant, including that the defendant: "destroyed 3 pivot tires and rims on the pivot by running the pivot on flat tires;" "broke off 6 fence posts while turning machinery around at the edge of the field;" failed to "fill in the washouts;" "removed the end gun from the pivot" replacing it with a "garden

sprinkler;" and cut a hole "into the well casing to install a flow meter" causing the galvanized pipe to overheat and rust. ([Filing No. 1 at p. 2](#)). Hood's complaint contains an "Itemized Table of Expenses" for amounts he alleges the defendant owes for the corn, cane forage, pivot damage, washout repair, attorney fees, and interest. The total amount Hood alleges the defendant owes is $29,037.22. ([Filing No. 1 at pp. 3-4](#)). Hood "prays for judgment against the Defendant for damages and Trespass against the Plaintiffs Civil Rights in the amount of [$27,782.47]; plus allowable prejudgment interest, interest on all unpaid balances due to the Plaintiff, for the Plaintiff recover his costs as the Court may deem just and equitable." ([Filing No. 1 at p. 5](#)).

The attachments to the complaint indicate the land, Hood, and the defendant are all located in Lewellen, Nebraska. ([Filing No. 1 at p. 6](#)). The attachments to the complaint also reflect the defendant in this case previously commenced an action against Hood in Nebraska state court on September 4, 2014, alleging Hood breached the same Cash Farm Lease at issue in this case by failing to properly terminate it. ([Filing No. 1 at pp. 21-22](#)).

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *[Fitzgerald v. Seaboard Sys. R.R., Inc.](#)*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citing *[Philbrook v. Glodgett](#)*, 421 U.S. 707 (1975)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." [Fed. R. Civ. P. 12(h)(3)](#). "A party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court." *281 [Care Comm. v. Arneson](#)*, 638 F.3d 621, 627 (8th Cir. 2011). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *[Owen Equip. & Erection Co. v. Kroger](#)*, 437 U.S. 365, 374 (1978). "[C]onclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *[Jil McCorkindale v. Am. Home Assurance Co./A.I.C.](#)*, 909 F. Supp. 646, 656 (N.D. Iowa 1995).

A district court can attain subject-matter jurisdiction under federal question or

2

diversity jurisdiction. See 28 U.S.C. §§ 1331-32. A district court's federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). "[P]ro se complaints are to be construed liberally[.]" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

Construing the plaintiff's complaint liberally, the complaint fails to show any manner in which this court could find a basis for jurisdiction based on either diversity of citizenship or a federal question arising under the Constitution, law, or treaties of the United States. *See* 28 U.S.C. § 1331, 1332. Diversity jurisdiction is not met because the plaintiff does not seek monetary relief in excess of the jurisdictional minimum. Moreover, although the plaintiff does not specifically allege the citizenship of the parties, all the documents presently before the court reflect both parties live in Nebraska. Additionally, the plaintiff's claims do not sufficiently allege a claim under the Constitution, laws, or treaties of the United States. Hood's conclusory allegation that he seeks damages for the defendant's "Trespass against the Plaintiffs Civil Rights" does not provide an adequate basis for determining this court's jurisdiction. The plaintiff's complaint appears to concern a contract dispute regarding a lease of Nebraska farmland, which dispute may have been previously litigated in Nebraska state court. Accordingly, the plaintiff shall have an opportunity to show cause why this matter should not be summarily dismissed for lack of subject matter jurisdiction.

**IT IS ORDERED:** The plaintiff shall have to **on or before July 8, 2016**, to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

**DATED: June 14, 2016.**

          **BY THE COURT:**

          **s/ F.A. Gossett**
          **United States Magistrate Judge**