IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICHARD HOOD,

        Plaintiff,

vs.

RANDAL ROSS,

        Defendant.

8:16CV247

FINDINGS AND RECOMMENDATION

This matter is before the court *sua sponte*. The plaintiff filed this action on June 6, 2016. **See** Filing No. 1. On June 14, 2016, the court entered an order requiring the plaintiff to show cause why his action against the defendant should not be dismissed for lack of subject-matter jurisdiction. **See** Filing No. 4. The plaintiff did not respond to the court's order.

## BACKGROUND

This case arises from an alleged 2013 agreement between neighbors for the defendant to farm 132 acres of corn on the plaintiff's property. **See** Filing No. 1 - Complaint. The plaintiff alleges the following facts in the complaint. The defendant failed to pay an up-front payment prior to planting, but nevertheless planted corn, which was ultimately hailed out. Rather than paying the plaintiff the agreed upon price, the defendant paid a lower price, resulting in a balance of $7,814.40 still owing. Also, in violation of the agreement, the defendant drilled cane into the property, then harvested the cane, hauling it off the property with the cornstalk forage, which the plaintiff was entitled to use under the terms of the agreement. The defendant caused other damage to the plaintiff's property including destroying three pivot tires and rims, six fence posts, and a garden sprinkler. The plaintiff seeks total damages in the amount of $29,037.22. Additional evidence in the records shows the plaintiff and the defendant both live in Lewellen, Nebraska. **See** Filing No. 1 at p. 6 - Reminder of Termination of Lease. Finally, the record shows the plaintiff filed a lawsuit in the District Court of Garden County, Nebraska, on September 4, 2014. *Id.* at 10. The Garden County lawsuit relates to the 2013 agreement between the parties, a hay delivery agreement, and

certain repair costs, and seeks damages for breach of contract and "compensation" an amount over $100,000.  *Id.* at 11-12.

## ANALYSIS

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." ***Fitzgerald v. Seaboard Sys. R.R., Inc.***, 760 F.2d 1249, 1251 (11th Cir. 1985) (**citing *Philbrook v. Glodgett***, 421 U.S. 707 (1975)); **see *Amnesty Int'l, USA v. Battle***, 559 F.3d 1170, 1176-77 (11th Cir. 2009).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3). "A party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court."  ***281 Care Comm. v. Arneson***, 638 F.3d 621, 627 (8th Cir. 2011); ***Knudson v. Sys. Painters, Inc.***, 634 F.3d 968, 975 (8th Cir. 2011) (noting burden of establishing federal subject-matter jurisdiction is by a preponderance of the evidence); ***Keene Corp. v. United States***, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); ***James Neff Kramper Family Farm P'ship v. IBP, Inc.***, 393 F.3d 828, 834 (8th Cir. 2005) (The court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'").

The federal district court enjoys limited subject-matter jurisdiction generally referred to as federal question or diversity jurisdiction.  **See** 28 U.S.C. §§ 1331-1332.  A district court's federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  **See** 28 U.S.C. § 1331.  By contrast, diversity jurisdiction may include other types of claims, such as a breach of contract, but applies only to cases in which the controversy is between citizens of different States and the potential damages "exceed the sum or value of $75,000, exclusive of interest and costs."  **See** 28 U.S.C. § 1332(a).

Even though "pro se complaints are to be construed liberally" (***Stringer v. St. James R-1 Sch. Dist.***, 446 F.3d 799, 802 (8th Cir. 2006)), the plaintiff's complaint fails to sufficiently allege subject-matter jurisdiction.  The facts, as alleged, indicate there is no diversity jurisdiction as the parties live in the same state and the amount in

controversy is far less than the jurisdictional prerequisite. Additionally, the plaintiff alleges the violation of no federal statute and none can be fairly assumed from the facts. Instead the complaint appears to allege a breach of contract, which was litigated in Nebraska state court. The plaintiff failed to respond to the court's order seeking additional information about jurisdiction. For these reasons the case should be summarily dismissed for lack of subject-matter jurisdiction. Upon consideration,

**IT IS RECOMMENDED TO SENIOR JUDGE ROBERT F. ROSSITER, JR. that:**

The plaintiff's complaint (Filing No. 1) be dismissed.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 21st day of July, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

3