IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD HOOD, | |
| Plaintiff, | **8:16CV247** |
| vs. | |
| RANDAL ROSS, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the court on the Findings and Recommendation ("F&R") of the United States Magistrate Judge (Filing No. 8) and on the court's own motion.

The Magistrate Judge recommends dismissal of the pro se plaintiff's original complaint for lack of subject matter jurisdiction. The Magistrate Judge found the plaintiff failed to allege either diversity jurisdiction or any violation of a federal statute so as to confer jurisdiction under either 28 U.S.C. §§ 1331 or 1332. The original complaint appears to allege a breach of contract.

The plaintiff has now filed an Amended Complaint, adding factual allegations of trespass and fraud (Filing No 9). The filing of the Amended Complaint renders the Magistrate Judge's F&R moot. In his Amended Complaint, the plaintiff "prays for judgment against the Defendant for damages, Trespass and fraud against the Plaintiffs Civil Rights in the amount of One hundred twenty one thousand two hundred ninety eight dollars and ninety three cents ($121,298.93)." He also adds the allegation that defendant Randal Ross is a Deputy Sheriff.

Jurisdiction is a threshold issue for this Court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S.

332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev*., 235 F.3d 1109, 1112 (8th Cir. 2000).

The plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (factual allegations must be sufficient to show more than just speculative right to relief). In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id*. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A civil rights complaint 'must contain facts which state a claim as a matter of law and must not be conclusory.'" *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

Construing the plaintiff's amended complaint liberally, the court finds the plaintiff has failed to adequately allege subject matter jurisdiction. The amended complaint does not cure the infirmities of the original complaint.

Although the plaintiff added allegations of damages in excess of the jurisdictional threshold under 28 U.S.C. § 1332, the record shows there is no diversity of citizenship. The Amended Complaint and the Summons show that both the plaintiff and the defendant reside in Lewellen, Nebraska.

Further, the Amended Complaint does not allege a violation of any federal statute. The court rejects any argument that the plaintiff's prayer for relief for "damages fraud and trespass to Plaintiff's civil rights" sufficiently alleges that his federal constitutional rights were violated. The court finds the conduct the plaintiff describes does not rise to the level of a constitutional violation. No civil rights violation can be fairly assumed from the facts alleged. A mere reference to "civil rights" and identification of the defendant as a deputy sheriff is not factual content sufficient to allow the Court to draw the reasonable inference that the defendant is liable for any civil rights violation. The

amended complaint does not allege that any of the defendant's allegedly wrongful acts were taken as a state actor or under color of law. Further, there are no allegations that the defendant infringed any right or interest protected under the Constitution or any federal statute.

The amended complaint alleges only state law claims for breach of contract, trespass, or fraud. Absent diversity of citizenship, those claims are not cognizable in this court. Accordingly, the court finds it lacks jurisdiction over the plaintiff's claim and this action must be dismissed.

IT IS ORDERED:
1. The F&R of the Magistrate Judge (Filing No. 8) is moot and therefore is not adopted.
2. On the court's own motion, this action is dismissed for lack of subject matter jurisdiction.
3. A judgment of dismissal will issue this date.

Dated this 10th day of August, 2016.

BY THE COURT:

*s/ Robert F. Rossiter, Jr.*
United States District Judge